IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

ANTHONY D. STEVENSON,

        Plaintiff,

   v.                          Civil Action No.
                                1:10-CV-0607 (DEP)

COMMISSIONER OF SOCIAL
  SECURITY,

        Defendant.

_____

<u>APPEARANCES</u>:                     <u>OF COUNSEL</u>:

<u>FOR PLAINTIFF</u>:

MARGOLIUS LAW OFFICE       PETER M. MARGOLIUS, ESQ.
7 Howard Street
Catskill, NY 12414

<u>FOR DEFENDANT</u>:

HON. RICHARD S. HARTUNIAN    SATHYA OUM, ESQ.
United States Attorney for the      Special Assistant U.S. Attorney
Northern District of New York
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## DECISION AND ORDER

Currently pending in this action, in which plaintiff seeks judicial review of an adverse administrative determination by the Commissioner, pursuant to 42 U.S.C. § 405(g), are cross-motions for judgment on the pleadings.[1] Oral argument was conducted in connection with those motions on February 1, 2012 during a telephone conference at which a court reporter was also present. At the close of argument I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination resulted from the application of proper legal principles and is supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in his appeal.

After due deliberation, and based upon the court's oral bench decision, a transcript of which is attached and incorporated herein by

---

[1] This matter has been treated in accordance with the procedures set forth in General Order No. 18 (formerly, General Order No. 43) which was issued by the Hon. Ralph W. Smith, Jr., Chief United States Magistrate Judge, on January 28, 1998, and subsequently amended and reissued by Chief District Judge Frederick J. Scullin, Jr., on September 12, 2003. Under that General Order an action such as this is considered procedurally, once issue has been joined, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

reference, it is hereby

ORDERED, as follows:

1) Defendant's motion for judgment on the pleadings is GRANTED.

2) The Commissioner's determination that plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is AFFIRMED.

3) The clerk is directed to enter judgment, based upon this determination, dismissing plaintiff's complaint in its entirety.

_____
David E. Peebles
U.S. Magistrate Judge

Dated:   February 13, 2012
         Syracuse, NY

3

```
UNITED STATES  DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
ANTHONY D. STEVENSON,



vs.                                          10-CV-607

COMMISSIONER OF SOCIAL SECURITY
------------------------------------------------------x

           Transcript of DECISION held on February 1, 2012,

at the James Hanley U.S. Courthouse, 100 South Clinton Street,

Syracuse, New York, the HONORABLE DAVID E. PEEBLES, Presiding.



                   A P P E A R A N C E S

For Plaintiff:        PETER M. MARGOLIUS, ESQ.
(Via Telephone)       7 Howard Street
                      Catskill, New York 12414

For Defendant:        SOCIAL SECURITY ADMINISTRATION
(Via Telephone)       Office of Regional General Counsel
                      Region II
                      26 Federal Plaza - Room 3904
                      New York, New York 10278
                        BY:  SATHYA OUM, ESQ.
```

1        (Via Telephone:)

2        THE COURT:  I've reviewed the briefs and I've

3   considered the arguments of counsel.  Let me, as a backdrop,

4   briefly recount the history of this case.

5        An application was made on behalf of the claimant

6   for childhood disability insurance and supplemental security

7   income benefits on December 4, 2006, alleging an onset date

8   of January 19, 1973, and, therefore, before the claimant

9   reached the age of 22.  His application was denied.  A

10  hearing was conducted on August 20, 2008, by the

11  Administrative Law Judge Thomas Grabeel, resulting in a

12  decision on September 17, 2008, denying the application for

13  benefits.  That determination was made final by the Social

14  Security Appeals Council's decision on March 31, 2010, to

15  deny review.

16       In his decision, as we've discussed, Judge Grabeel

17  applied the well-known five-step test for determining

18  disability, found that plaintiff, first, had not engaged in

19  substantial gainful activity during any relevant period.  He

20  found that the plaintiff suffers from severe impairments,

21  including the history of spina bifida, borderline

22  intellectual functioning, obesity, and diminished vision; but

23  found that none of those meet or equal, either singly or in

24  combination, any of the listed presumptively disabling

25  impairments.

1        ALJ Grabeel then went to survey the evidence in the
2   record and concluded by finding that, despite his conditions,
3   plaintiff maintains the residual functional capacity -- or
4   RFC -- to perform a full range of sedentary exertional
5   activities, except that he has visual limitations in that he
6   is precluded from performing work requiring depth perception
7   of full field vision or perfect near and far visual acuity
8   and also might have difficulty with learning and
9   understanding and carrying out complex directions.
10       After noting that the plaintiff had no past
11  relevant work at step four to be considered and recognizing
12  the shifting of burdens at step five, ALJ Grabeel first
13  surveyed the Medical-Vocational Guidelines for use as a
14  framework which suggests that a finding of no disability and
15  that was confirmed after he elicited testimony from a
16  vocational expert through the use of hypotheticals.
17       I have applied the highly deferential standard of
18  review that applies in this case.  The plaintiff has raised
19  three principal arguments.  The first is that the ALJ
20  improperly rejected the opinions of Dr. DiGiovanni expressed
21  in his December 4th, 2007, assessment of the plaintiff's
22  limitations as those of a treating physician, which should
23  have been offered deference.  I note, first, that,
24  undeniably, the opinion of a treating physician regarding the
25  nature and severity of an impairment is entitled to

1   considerable deference, provided that it is supported by
2   medically acceptable clinical and laboratory diagnostic
3   techniques and is not inconsistent with other substantial
4   evidence.
5            To determine the weight to be given to a treating
6   source's opinion, the ALJ should have considered several
7   factors, including, significantly, the length of the
8   treatment; relationship and the frequency of examination; the
9   nature and extent of the treatment relationship; the degree
10  to which the medical source supported his opinion; the degree
11  of consistency between the opinion and the record as a whole;
12  whether the opinion is given by a specialist; and other
13  evidence which might be brought to the attention of the ALJ.
14           Now, Dr. DiGiovanni is clearly a specialist, an
15  orthopedic specialist.  However, as far as I can see, this
16  was the first and only time that Dr. DiGiovanni had seen the
17  plaintiff and both his notes, his objective findings, and the
18  overwhelming findings of other treating sources, including
19  Dr. Oke, fail to support and are inconsistent with
20  Dr. DiGiovanni's limited findings.  The CAT scan that was
21  administered, while showing spondylosis, showed no evidence
22  of stenosis or other evidence of herniation.
23           Dr. Oke's notes, including at Pages 240, 243, and
24  257 to 265 reflect a very different picture.  He prescribed
25  only Motrin, Aleve and Extra Strength Tylenol for the

1   plaintiff; and I note that on February 15th, 2008, when he
2   saw Dr. Oke, the plaintiff stated that he was feeling well.
3   That is at the Administrative Transcript 240.
4           Dr. DiGiovanni's findings are also inconsistent
5   with an exam administered on January 22nd, 2007, by Dr. Puri,
6   an exam which could prove and provide substantial evidence.
7           So I find that the rejection of Dr. DiGiovanni's
8   opinions was properly explained and well-supported.
9           The second point raised by the plaintiff concerns
10  rejection of headaches, migraine headaches, as providing
11  further limitation on the plaintiff's RFC.
12          As I indicated previously, first of all, migraine
13  headaches were not mentioned as a limiting disability on
14  plaintiff's application.  That is at AT 141.  It was not
15  mentioned at the hearing when the plaintiff was asked about
16  his limitations.  That is at AT 49.  It is only referenced in
17  the medical history portion of two of Dr. DiGiovanni's
18  reports.  And plaintiff specifically and expressly denied
19  having headaches to Dr. Oke at AT 240, 242, 257, 260, 262,
20  and 264.
21          And getting beyond that, even assuming for the sake
22  of argument, that the plaintiff does have headaches and does
23  suffer from ongoing migraine headaches, there's no indication
24  in the record that it has provided any limitation on his
25  ability to perform work functions.  Plaintiff is able to

1  read; he plays board games; and no one has said that he is
2  unable to perform work functions because of his migraine
3  headaches.
4             Next, the third, and final question, concerns
5  plaintiff's ability to perform the two jobs identified by the
6  vocational expert in his testimony.  Of course the, as a
7  backdrop, application of the grid or the Medical-Vocational
8  Guidelines in this case suggest a finding of no disability
9  and supports the vocational expert's opinions.
10             Obviously, the plaintiff does suffer from
11  non-exertional limitations, which could potentially erode the
12  job base on which the Medical-Vocational Guidelines are
13  based; and the ALJ, therefore, quite properly, sought the
14  testimony of a vocational expert.
15             It's obviously a proper means of fulfilling the
16  agency's burden at step five and the use of hypothetical
17  questions to develop the vocational expert's testimony is
18  proper and permitted, provided, of course, that the
19  hypothetical utilized comprehensively and precisely includes
20  each physical and mental impairment of the claimant, except
21  as construed by the ALJ.
22             In this case, I find that the hypotheticals that
23  were posed are defensible and are supported by substantial
24  evidence in the record.
25             I understand the argument that has been raised

1  concerning the GED level associated with the two jobs in
2  question; but I do not find that the GED 3 designation is
3  inconsistent with the finding of the need for the plaintiff
4  to be able to carry out only simple low-stress entry-level
5  job with simple instructions.  The issue is addressed by one
6  of my colleagues in *Cross against Astrue*, which is a case
7  cited by defendant, where Judge Bianchini addressed the
8  distinction between SVP and GED.
9          And, in my view, the plaintiff is capable of
10 performing the functions of the two jobs identified by the
11 vocational expert.  He, first of all, again, he did not list
12 his mental condition as any -- as limiting his ability to
13 work in his application.  His father and he expressed
14 surprise that he was even being tested in that regard.  He
15 has a high school degree and took mostly regular coursework.
16 He has a full scale IQ of 81.
17         And, so, I find that there is no evidence
18 suggesting that the plaintiff cannot meet the requirements of
19 the two jobs identified by the vocational expert in this
20 case.
21         In sum, I find that the Administrative Law Judge in
22 this case applied proper legal principles and his decision in
23 the case is supported by substantial evidence.
24         So I will issue an order granting defendant's
25 motion for judgment on the pleadings confirming the

1  Commissioner's determination and dismissing plaintiff's
2  complaint; and you'll get a short form order, which will
3  attach to it the transcript of my decision.
4          I appreciate from counsel the excellent briefing
5  and oral argument today which has been very helpful for me,
6  frankly; and I look forward to working with you in the
7  future.  Have a good day.
8              DEFENSE COUNSEL:  Thank you, your Honor.
9              SPEAKER 2:  Thank you, your Honor.
10             (Proceedings were adjourned.)

C E R T I F I C A T I O N

      I, DIANE S. MARTENS, Registered Professional Reporter, DO HEREBY CERTIFY that I attended the foregoing proceedings, took stenographic notes of the same, that the foregoing is a true and correct copy of same and the whole thereof.

_____

DIANE S. MARTENS, FCRR